796 P.2d 247

**In the Matter of Kevin J. HANRATTY, An Attorney Admitted to Practice Before the Courts of the State of New Mexico.**

**No. 19315.**

Supreme Court of New Mexico.

Aug. 22, 1990.

Virginia L. Ferrara, Chief Disciplinary Counsel, Albuquerque, for Disciplinary Bd.

Kevin J. Hanratty, Artesia, pro se.

## OPINION

PER CURIAM.

This matter is before the court following disciplinary proceedings conducted pursuant to the Rules Governing Discipline, SCRA 1986, 17–101 through 17–316 (Repl. Pamp.1988 & Cum.Supp.1990), wherein attorney Kevin J. Hanratty, in accordance with an agreement for discipline by consent, admitted to various violations of the Rules of Professional Conduct, SCRA 1986, 16–101 through 16–805 (Repl.Pamp.1988 & Cum.Supp.1990). Pursuant to Rule 17–211(B)(1)(a), we approve and adopt the Disciplinary Board's acceptance of the conditional agreement for discipline by consent.

The specification of charges contained two separate counts in connection with two unrelated bankruptcy matters. Count I involved Hanratty's representation of Wade and Anna Mae White. Hanratty admitted to violations of Rules 16–101, 16–103, 16–104(A) and (B) and did not contest allegations that his conduct was violative of 16–804(D). He also consented to his suspension from the practice of law for a definite period of six months on condition that suspension be deferred pursuant to Rule 17–206(B)(1) under certain terms and conditions.

The facts that Hanratty admitted, which are the basis for the conditional agreement regarding count I, commenced when the Whites retained him in December 1987 to represent them in a bankruptcy. The clients' primary objective was to keep their house and land in Artesia, New Mexico. Valley Federal Savings Bank (Valley) had a lien on the home and the property. Hanratty filed a "Chapter 7 Voluntary Debtor's Petition" on behalf of the Whites in December 1987. During 1988 he filed a "Debtor's Conversion of Chapter 7 Case to Chapter 11" for his clients, who had not understood that operating their apartments as a business should have been considered in the decision of whether to file under Chapter 7

or Chapter 11. A corresponding order was entered that same month.

In retrospect, it is apparent, and Hanratty agrees, that the clients did not understand that if the Chapter 11 bankruptcy were converted back to a Chapter 7 bankruptcy, they had a great risk of foreclosure against their home if their payments were not kept current during the Chapter 11. This misunderstanding was relevant to and caused by the poor communication between the Whites and Hanratty.

While their bankruptcy was in Chapter 11, arrears in the notes regarding the Whites' home and surrounding property accrued without Hanratty's knowledge. Also during this period, Valley, as a primary creditor in the Whites' bankruptcy, unsuccessfully sought to communicate with Hanratty about various aspects of the case, including the non-payments on the Whites' home. In response to Hanratty's filing of reaffirmation, Valley's counsel told him the Whites had not been making their house payments. Hanratty should have communicated directly with his clients about the status of their payments while their bankruptcy was in Chapter 11.

The Whites discharged Hanratty upon receiving notice of foreclosure from Valley, and they subsequently retained attorney Jud Cooper. Upon entering his appearance in April 1989, Cooper attempted to undo a lift of automatic stay that had been ordered. Ultimately, the Whites decided to give up their fight to save their home.

The significance of his unavailability to his clients, at telephonic hearings regarding various motions, and to creditor Valley during the course of the bankruptcy is not disputed by Hanratty, who also agrees that he should have associated with an experienced and competent bankruptcy attorney with regard to conversion of a Chapter 7 bankruptcy to a Chapter 11 bankruptcy.

Count II of the charges involved Hanratty's representation of Mike and Sandra Hurst. Hanratty admitted to violations of Rules 16–101, 16–103, 16–104(A) and he did not contest a violation of 16–804(D). He also consented to his suspension from the

practice of law for a period of six months in addition to the time cited in count I, on condition that suspension also be deferred pursuant to Rule 17–206(B)(1) under certain terms and conditions.

The facts that Hanratty admitted, which are the basis for the conditional agreement as regards count II, began when the Hursts retained him early in 1989 to represent them in bankruptcy. Hanratty filed a "Voluntary Chapter 11 Petition" on behalf of the Hursts in April 1988. Communication problems developed between him and his clients and they ultimately discharged him. Hanratty had failed to file a reorganization plan on behalf of the Hursts, which they did not even realize until their subsequent counsel, Jud Cooper, informed them. New counsel converted the case to a Chapter 7. While it is possible that Hanratty's original decision to file under Chapter 11 was appropriate, he later should have converted to Chapter 7, which he did not do because of a fee dispute with his clients.

We agree that Hanratty's conduct in these two bankruptcy cases was violative of Rules 16–101, 16–103, 16–104(A) and (B), and 16–804(D). We also note Hanratty's offer to assist the Whites and Hursts in their payments to subsequent counsel and his willingness to seek knowledge and assistance in the area of bankruptcy law.

The Rules of Professional Conduct do not prevent lawyers from exploring areas of law that are new to them. That the adventurous spirit would be pursued without the assistance of experienced and competent counsel, however, is unwise for attorneys and unfortunate for their clients. There is no evidence that greed and dishonesty were factors in Hanratty's decision-making process in these matters. The evidence before us does support the premise that he was not competent in the complicated area of bankruptcy law. Hanratty could have rectified this problem without the involvement of the Disciplinary Board and this court if he only had sought help from his professional peers.

It is ordered that Kevin J. Hanratty be suspended from the practice of law pursuant to SCRA 1986, 17–206(A)(2), for a total period of one year but that such suspension be deferred pursuant to SCRA 1986, 17–206(B)(1), under the following terms and conditions:

a) That he be placed on probation for a period of six months under the supervision of Paul Snead, Esq.;

b) That he shall pay his former clients, Wade and Anna Mae White, $2,500.00 toward attorney fees owed to their second lawyer and that full payment will occur by January 15, 1991;

c) That he shall pay his former clients, Mike and Sandra Hurst, $1,031.09 toward attorney fees owed to their second lawyer and that full payment will occur by January 15, 1991;

d) That he shall not violate any of the Rules of Professional Conduct during his probation period;

e) That he shall give his full cooperation and assistance to the disciplinary authorities pursuant to SCRA 1986, 16–803(D); and,

f) That he shall take and pass the Multistate Professional Responsibility Examination during his probationary period if the examination is offered. If it is not offered during probation, he will register for the next scheduled exam.

Costs in the amount of $364.77 are assessed against Hanratty and should be paid to the Disciplinary Board no later than October 15, 1990.

IT IS SO ORDERED.

DAN SOSA, Jr.
Chief Justice

RICHARD E. RANSOM
Justice

JOSEPH F. BACA
Justice

SETH D. MONTGOMERY
Justice

KENNETH B. WILSON
Justice